UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI GEIMER, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | No.  10 CV 41 |
| BANK OF AMERICA, N.A., ) | |
| A Federally Chartered National Bank, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | Magistrate Judge Maria Valdez |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

### I.  Preliminary Statement

1.  This is an action for damages against the Defendant for Count I, Breach of Fiduciary Duty based upon Illinois Fiduciary Obligations Act; Count II, Negligence; and Count III, Breach of Contract. These are action based upon diversity of citizenship of the parties.

### II.  JURISDICTION AND VENUE

2.  Pursuant to 28 § 1332 (a)(2), this Court has jurisdiction over claims brought by Patel against citizen of different states and the amount in controversy exceeds the sum  of $75,000.00, exclusive of interest and costs.

3. Venue is proper as all acts alleged in this complaint occurred within the Northern District of Illinois and because Defendants transact affairs in this district and the ends of justice require it.

### III.  Parties

4.  Plaintiff Lori Geimer ("Plaintiff") is a natural person and citizen of the State of Illinois, residing in St. Charles, Kane County.

1

5. Defendant Bank of America, N.A. ("BOA") is a Federally Chartered National Bank, with its principal place of business in Charlotte, North Carolina. At all relevant times, BOA was Plaintiff's banking institution with offices in the Chicago land area, including St. Charles, Illinois.

## IV. Factual Allegations

6. Plaintiff has been a loyal customer of Defendant BOA. Plaintiff had a personal checking account with BOA, which she could write checks against her balance and have electronic transfers if she so desired.

7. Further, Plaintiff had a credit card issued to her from FIA Card Services, owned and controlled by BOA since January 1, 2006.

8. On or about May 28, 2008, Plaintiff was sent a statement from BOA for her bank account number ending in 2104.

9. Plaintiffs' statement showed that on May 14, 2008, the amount of $31,851.35 and on May 21, 2008, the amount of $19,500.11, had been electronically transferred her banking account neither without her express authority nor by any agent with express authority to do so.

10. Plaintiff did not make or authorize either of these transfers.

11. In June of 2008, Plaintiff notified BOA's agents of the unauthorized and fraudulent electronic transfers.

12. Further, then on September 9, 2008, Plaintiff became aware of a credit card number 3744637174491008 issued by FIA Card Services for $64,000.00, when Plaintiff was called because of someone attempting to use said card for the transfer of funds, wherein Plaintiff advised that she had not authorized the credit card by anyone else nor had not received said card.

13. Regardless of the statement by Plaintiff, the person was allowed access to

2

the use of said credit card and Plaintiff then became liable for said charges.

14. At all times pertinent to this matter, Plaintiff followed BOA's instructions and procedures for reporting the unauthorized and fraudulent transfer of funds from her accounts, disputing the same, and requesting that BOA to investigate the unauthorized and fraudulent transactions.

15. BOA never properly investigated any of Plaintiff's disputes. Rather, BOA advised Plaintiff that BOA was not liable for the unauthorized and fraudulent transfer of $51,351.46 or the $64,000.00 credit card charges and that the money was gone and could not be recovered.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating from BOA's unauthorized electronic transfer from her account, unauthorized credit card charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

17. As a result of Defendant's conduct, Plaintiff has suffered great embarrassment, humiliation, and emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant

3

herein.

20. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the right of the Plaintiff herein.

## V. Claims

### Count I-Illinois Fiduciary Obligations Act

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times relevant, BOA was a fiduciary of Plaintiff as defined in Section 65/1 of the Illinois Fiduciary Obligations Act (760 ILCS 65/1 *et seq*)

23. The transfers referenced above allowed the siphoning of Plaintiff moneys and credit obligations. The transfers constituted embezzlement of Plaintiff and BOA breached its fiduciary duties owed to Plaintiff by failing to protect her.

24. BOA violated Sections 65/5 and/or 65/9 of the Act by allowing multiple unauthorized transfers. BOA at owed a duty to Plaintiff, at least, the following fiduciary duties:

    (a) to take all reasonable actions necessary to monitor large monetary activities in Plaintiff's account;

    (b) to make diligent inquiries about large monetary transactions and excess of Plaintiff's daily usage;

    (c) to timely review complaints by Plaintiff of unauthorized banking transactions.

    (d) failed to identify massive unauthorized drawing of monetary funds and unauthorized credit usage against lines of credit;

    (e) failed to take reasonable steps to ensure there were no

4

                unauthorized drawing against Plaintiff's lines of credit; and

    (f)   failed to perform its job with the customary standard of care required for banks and lenders of credit.

25. As a result of BOA's breach of fiduciary duties, Plaintiff's assets were left vulnerable to misappropriation, theft and abuse, which, in fact occurred to her detriment.

26. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **Count II-Negligence**

27. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

28. BOA, as both a lender of credit and holder of Plaintiff's monetary funds, owed a duty to Plaintiff to give funds from Plaintiff's credit line and/or checking account to her or to anyone else without her express unauthorized written instruction.

29. BOA was negligent in its failure to perform its duties in accordance with normal and customary banking standards in carrying out its duties of protecting Plaintiff's monetary fund's and credit lines.

30. Defendant's negligence consists of the following:

   (a) to take all reasonable actions necessary to monitor large monetary activities in Plaintiff's account;

   (b) to make diligent inquiries about large monetary transactions and excess of Plaintiff's daily usage;

   (c) to timely review complaints by Plaintiff of unauthorized

        banking transactions;

(d) failed to identify massive unauthorized drawing of monetary funds and unauthorized credit usage against lines of credit;

(e) failed to take reasonable steps to ensure there were no unauthorized drawing against Plaintiff's lines of credit; and

(f) failed to perform its job with the customary standard of care required for banks and lenders of credit.

31. BOA's breach of its duties and customary standard of put Plaintiff's assets at foreseeable risk due to the lack and oversight of the customary banking standards. As a result of BOA's breach of duty, Plaintiff's assets and credit were left vulnerable to misappropriation and abuse allowing some third party to implement a scheme without fear of detection, and steal $51,351.46 in cash and $64,000.00 from her credit line, and for which, Plaintiff is unaware what party may have done this act.

32. As a result of Defendant's above mentioned conduct, Plaintiff sustained and will continue to sustain the losses and damages as set forth above.

33. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of her actual damages, as well as such other relief, permitted under the law.

### Count III-Breach of Contract

34. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

35. Plaintiff had signed an agreement for which a signature card was created for the strict purpose of identity control for checking privileges and electronic transfers from her account.

6

36. Defendant has breached its checking account and electronic funds Agreement with Plaintiff by allowing an unauthorized and fraudulent transfer from Plaintiff's checking account.

37. Further, BOA issues credit privileges as stated above to Plaintiff which credit was allegedly reserved for Plaintiff's exclusive use.

38. BOA breached its credit privilege policy by allowing a third party to draw upon Plaintiff's assigned credit line to $64,000.00 without authorization by the Plaintiff, and for which, Plaintiff is unaware what party may have done this act.

39. Plaintiff's assets both in checking and credit were left vulnerable to misappropriation, theft and abuse, and fraud by others, which, in fact occurred to her detriment, thereby causing Plaintiff to have lost valuable funds in her checking account and to become liable for excessive debt.
.

40. As a result of Defendant's above mentioned conduct, Plaintiffs sustained and continue to sustain the losses and damages as set forth above.

41. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## VI. Jury Trial Demand

42. Plaintiff demands trial by jury on all issues so triable.

## VII. Prayer For Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against

the Defendant, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Costs and reasonable attorney's fees;

    (d)    Such other and further relief as may be necessary, just and proper.

Lori J. Geimer
By:**/s/ Michael T. Smith**
Michael T. Smith

Michael T. Smith
6180407IL
440 W. Irving Park Road
Roselle, Illinois 60172
847-895-0626

8